The opinion of the court was delivered by
Tilghman, C. J.
(After stating the case and the act of assembly.) When we consider what the law was, before the passing of. this act, and what alteration was intended, it will be an easy matter to fix its construction, so far as regards the present question. The statute of 21 Jac. 1. ch. 16. had not been extended to Pennsylvania, so that prior to the 26th March, 1785, the period of limitation was 60 years. This was unreasonbly long, and it was thought expedient to reduce it to 21 years. This would have done very well, in all cases where the adverse possession began after the passing of the act, But inasmuch as there were many ca *149 ses, in which there had been an adverse possession of more than 21 years, before the passing of the act, it « as necessary to form the law so as to prevent a surprise on those persons, who had suffered, an adverse possession of 21 years to be held against them, relying on the law which allowed them 60 years for making entry, dr commencing an action. . For such persons, 15 years from the passing of the act, was considered as a reasonable time of limitation; but there was no good reason for barring the right of any person, by an adverse possession of less than 21 years. Now let us examine the act, and we shall see that it was constructed on the principle I have mentioned. The second and principal section is expressed in negative terms, but it takes away the entry or action of no person in less than 21 years. But as it takes away the entry or action of all persons, after the expiration of 21 years next after their right or title first accrued, it would have operated ex post facto, and been an immediate bar, to all persons against whom an adverse possession had been held for more than 21 years'before the passing of the ■aet. To prevent this injustice, the proviso, in the 3d section was made, which is expressed in positive terms, and gives to every person then having a right of .entry, a period of 15 years from that time, for making entry or commencing an action. The proviso was intended for the relief of a class of persons who would have been injured by the 2d section, and it would be a perversion of its words and meaning, to make it operate so as to lessen the period of limitation allowed to any person by the 2d section. Twenty-one years adverse possession was what the legislature thought necessary fora bar,'and no reason can be assigned for distinguishing the cases of persons against whom the adverse possession commenced before or after the passing of the act. But an argument has been drawn, by the counsel for the defendant, from the act of ,12th March, 1800, by which it is enacted, “ that the provisions and limitations of the 3d section of the act of the 26th March, 1785, shall not be a bar to any person who on the passing of the said act, had any right or title of entry into any lands, &c., until the expiration of three years from the 26th March, 1800.” This, it is contended, shows the opinion of the legislature, that all persons who had a right of entry, on the 26th March, 1785, were barred, by the 3d section, at the expiration of 15 years from the passing of that aet. But it was not the intent of the act of 1800, to pass any construction on that of 1785. The 15 years allowed by the 3d section of the latter, were to expire in a few days, when many titles would be barred ; and the sole object of the act of 1S00, was to prevent that evil, and give three years more of grace. It was altogether a remedial act, and operated only on such cases as stoo'd in need of a remedy. What these cases were, was to be ascertained by the,aet of 1785. But it never could have been intended to put any person in a worse condition than he was before. That would have been administering poison instead of medicine. So that after all, the act of 1785, *150 must be construed by itself. On this construction, the second section, and the proviso, are perfectly consistent, both in words and spirit, which they will not be, if any other rule is adopted. Two principles then may be deduced from the 2d and 3d sections of this act. 1. That no person is barred by an adverse possession of less than 21 years. 2d. That every person who had a right of entry at the time of the passing of the act, however long an adverse possession had been held against him* had 15 years, to enter, or-bring his action, after the passing of the act. But the defendant’s counsel rely on the case of Penn’s Lessee v. Ingham, in the Circuit Court of the United States, Pensylvania district, in which, they 'suppose, a different construction was established. I have been furnished with a manuscript copy of that case, and it appears, that the point now in question could not have arisen, because the adverse possession set up by the defendant did not commence untill after the passing of the act of limitation. I will give Judge Washington’s own words, from which the point decided clearly appears. “ The act of limitation never began to run until the plaintiff’s lessor was ousted, or adversely kept out, which was in 1789, since which, to the time of bringing the ejectment, 21 years have not run. The meaning of the act of 21st March, 1785; sect. 3,.is this: If at the time the law passed, a person was disseised, he was bound to bring his ejectment within 15 years. But if he was afterwards disseised, the act of limitation which would begin to run, would not be a bar in less than 21 years.” Undoubtedly, the point before the Circuit Court was correctly decided. The case was too plain to admit of doubt. But the general expressions of the judge, relative to a point not decided, must be understood in connection with the point which he did decide. It was not the case of a man who had been ousted before the passing of the act of limitation, and had brought his ejectment before .21 years had expired from, the time of ouster. The mind of the court was not directed towards such a case. In fact, few such cases exist, and therefore Judge Washington might well say, in general, that a person who was disseised at the time the law passed, must bring his action within 15 years. But if the very case now before this court, had been presented to the Circuit Court, I have no doubt that the discriminating mind of the judge would instantly have perceived, that it was an exception from the general rule laid down by him in Penn’s Lessee v. Ingham. I have considered this case with great attention, and am well satisfied that the opinion of the Court of Common Pleas was erroneous.
The judgment must therefore be reversed, and a venire de novo awarded.
Duncan, J. gave no opinion having been counsel in the cause.
Judgment reversed and a venire facias de novo awarded.